IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONIDES SECO,

    Petitioner,                      No. CIV S-05-2190 GEB KJM P

    vs.

DERRAL G. ADAMS,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus, challenging a disciplinary determination that resulted in his loss of 120 days of good time credit.

I. Background

        On February 3, 2004, officers conducted random cell searches on the Fifth Tier of Unit One at Folsom State Prison. When Officer Renkert entered the cell petitioner shared with Inmate Mesa, J-89244, he detected a faint odor of alcohol. In a common area of the cell, under the bottom bunk, Renkert found a plastic bucket containing a reddish liquid and chunks of fruit, which appeared to be in the early stages of fermentation. Renkert took the substance to Sergeant Heckman, who identified it as five gallons of inmate manufactured alcohol. Petitioner

/////

1 and Mesa were issued rules violation reports, charging them with manufacturing alcohol.
2 Answer, Ex. 2 at 1.

3     The cell mates were scheduled for disciplinary hearings on February 15, 2004,
4 both before Lieutenant T. Langford. Answer, Ex. 2 at 2; Petition (Pet.), Ex. A at 2. Mesa's
5 hearing was held first, at 11:55 a.m. He pleaded guilty to the charge of manufacturing alcohol
6 and told the hearing officer, "It's mine. I made it. I don't have a pay number, and I made it to
7 sell." Pet., Ex. A at 2-3.

8     At his hearing at 12:10 p.m., petitioner said "I was at work, the wine was just
9 made. I didn't know about it." Answer, Ex. 2 at 2. The hearing officer found, in pertinent part,
10 that:

> It is clear that if the substance had been made while Inmate SECO
> was at work, it would not have smelled like alcohol as reported by
> Officer Renkert. Additionally, it could not have fermented into
> alcohol in the time inmate SECO was at work. Sergeant Heckman
> verified the substance as alcohol, not the various products that go
> into manufacturing alcohol.

15 Id., Ex. 2 at 3. Petitioner was found guilty of a violation of 15 Cal. Code Regs. § 3016,
16 manufacturing alcohol. Id.

17     Petitioner appealed this finding internally and then filed a petition for a writ of
18 habeas corpus in Sacramento County Superior Court. Id., Exs. 3 & 4. The Superior Court
19 denied the petition:

> Petitioner is contesting the results of his February 15, 2004
> disciplinary proceeding at which he was found guilty of
> Manufacturing Alcohol. He claims that the evidence is insufficient
> to support the charge as there was no information presented
> indicating that he had any control over the area where the pruno
> was found and notes that his cellmate accepted responsibility for
> the contraband.

24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

25 /////
26 /////

> An inmate is found guilty at a disciplinary hearing based upon a preponderance of the evidence standard.  Due process requires that the findings of a disciplinary board must be upheld if the decision is supported by "some evidence." (*Superintendent v. Hill* (1985) 472 U.S. 445, 454.) Hill expressly states that in applying the "some evidence" standard, courts are not required to examine the entire record, independently assess credibility of witnesses, or weigh the evidence. (*Id*., at p. 455.)  The court must only decide if there is any evidence in the record which would support the conclusion reached.  (*Id*., at pp. 455-456.)
>
> Despite petitioner's argument to the contrary, the evidence presented at the disciplinary hearing is sufficient to satisfy the "some evidence" test announced in *Hill*.  The pruno was found in a common area of the cell and would have been readily apparent to anyone entering the cell.  The fact that petitioner's cellmate apparently claimed responsibility for the pruno after petitioner had already been found guilty of the offense does not suggest that the finding was inappropriate given the nature of a penal institution and the various reasons why one inmate might attempt to accept the blame for another one.

Id., Ex. 5.

Petitioner pursued his state remedies in the Court of Appeal and the Supreme Court; each denied the petition in a one line order.  Id., Exs. 7 & 9.

II.  Standards Under The AEDPA

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  Federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").  See Ramirez v. Castro, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief

3

under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[1]  Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d).  Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2000) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by § 2254(d)).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply

---

[1] In Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta."  However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees.  Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief.  See Lockyer, 538 U.S. at 70-71; Ramirez, 365 F.3d at 773-75.

4

fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003).  Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law.  See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

III. Analysis

Although petitioner raises five grounds in the petition, they all are variations on a claim that the evidence supporting the finding was insufficient.  He argues that another inmate accepted responsibility for the alcohol, there was no evidence in support of the disciplinary action, he had no control over his cell mate's actions, he was not present in the cell during the search, he was not aiding and abetting his cell mate.  Pet. at 6-8.

In his traverse, petitioner argues he was denied due process because he was not allowed to call Mesa and Renkert as witnesses.  Traverse at 2, 7.  The court declines to consider this issue, raised for the first time in the traverse.  Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994) ("A Traverse is not the proper pleading to raise additional grounds for relief." ).

/////

Accordingly, the only issue properly before this court is petitioner's attack on the evidentiary support for the disciplinary finding.

In <u>Superintendent v. Hill</u>, 472 U.S. 445, 453 (1985), the Supreme Court considered "whether findings of a prison disciplinary board that result in the loss of good time credits must be supported by a certain amount of evidence in order to satisfy due process." The court concluded:

> [T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced. . . . Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

<u>Id</u>. at 455-56 (internal citation & quotation omitted). The hearing officer may rely on a staff member's description of an incident as the requisite "some evidence." <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1272 (9th Cir. 1989).

In denying the state habeas petition, the superior court relied on <u>Hill</u> to find that the record of the disciplinary hearing supported the conclusion reached by the hearing officer. Specifically, it determined that the decision was supported by the following facts: Renkert found the alcohol in a common area of the cell and the odor of the fermenting mix was apparent upon entry to the cell. The court rejected petitioner's claim, made here as well, that Mesa's "claimed responsibility" for the alcohol absolved petitioner of guilt.

Petitioner argues, in essence, that the superior court's findings are not entitled to deference, because the court believed Mesa's claim of responsibility was made after petitioner had been found guilty for the rules violation. Pet. at 8.[2] It is true that the superior court erred:

---

[2] The court refers to the page numbers issued by the CM/ECF system.

1  Mesa's hearing was held before petitioner's.  Compare Pet., Ex. A at 2; Answer, Ex. 2 at 2.  This
2  discrepancy does not render the superior court's findings unreasonable, however, for it relied on
3  Renkert's observations, which meet the minimal "some evidence" standard.  The timing of
4  Mesa's statement was not crucial to the superior court's resolution of the claim.
5          That the superior court did not apply federal law unreasonably is made clear by
6  Morgan v. Campbell, 270 Fed. Appx. 657 (9th Cir. 2008).  In that case, a correctional officer
7  found alcohol hidden in the mattress of Morgan's cellmate and the cellmate testified that Morgan
8  knew nothing about the alcohol.  Morgan argued that he should not be held accountable for the
9  alcohol because he had no control over his cellmate's mattress.  The Ninth Circuit relied on the
10  officer's statement that there was a strong odor of fermenting fruit in the cell to uphold the state
11  court's rejection of the writ.  Id. at 657.  This case is not significantly different.
12          Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a
13  writ of habeas corpus be denied.
14          These findings and recommendations are submitted to the United States District
15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
16  days after being served with these findings and recommendations, any party may file written
17  objections with the court and serve a copy on all parties.  Such a document should be captioned
18  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
19  shall be served and filed within ten days after service of the objections.  The parties are advised
20  that failure to file objections within the specified time may waive the right to appeal the District
21  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
22  DATED:  September 25, 2008.

_____
U.S. MAGISTRATE JUDGE

26  2 seco2190.157